UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 18-54906

ST. JUDE NURSING CENTER, INC.,  Chapter 11

        Debtor.  Judge Thomas J. Tucker
_____/

**ORDER REQUIRING THE DEBTOR TO AMEND DISCLOSURE STATEMENT**

On January 31, 2020, the Debtor filed a plan and disclosure statement, in a document entitled "Combined Plan of Liquidation and Disclosure Statement" (Docket # 161). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

First, the Plan does not contain a class consisting of the equity interests of the Debtor. The Debtor must amend the Plan so that it includes a class of, and the treatment of, the equity interests of Debtor. Unless otherwise provided in the plan or in an order confirming a Chapter 11 plan, the general rule is that the confirmation of a plan "terminates all rights and interests of equity security holders . . . provided for by the plan." 11 U.S.C. § 1141(d)(1)(B).

Second, the Debtor states in several places that Classes 3 and 6 are impaired and entitled to vote on the Plan. (*E.g.*, in Article 4 of the Plan on pages 8-9; in paragraphs 5.1.3 and 5.1.6 of the Plan on pages 10-11; and, implicitly, in the first sentence of paragraph III.A of the Disclosure Statement on page 21). These classes are impaired under the Plan. But these classes are not entitled to vote, because they will receive nothing under the Plan. As a result, these two classes are deemed to reject the Plan. *See* 11 U.S.C. § 1126(g). The Debtor must correct every

statement in the Plan and Disclosure Statement indicating the Class 3 and Class 6 are entitled to vote on the Plan, and instead must state that these classes are not entitled to vote on the Plan and are deemed to reject the Plan under 11 U.S.C. § 1126(g), because they will receive nothing under the Plan.

Third, in both the Plan and the Disclosure Statement (*e.g.*, in Article 3 of the Plan on pages 7-8; and in paragraph II.F of the Disclosure Statement at page 20), the Debtor must state the following: (1) when the closings of the Sale Transactions contemplated by the Asset Sale Order and Real Estate Sale Order are likely to occur; and (2) what events still must happen in order for such closings to take place, and when those events likely will happen.

Fourth, in the definition of "Real Estate Sale Order" in paragraph 1.44 of the Plan on page 5; and in paragraph 5.1.3 of the Plan on page 10; and in paragraph II.A of the Disclosure Statement on page 18, the Debtor must state the address of the Debtor's real estate that is to be sold.

Fifth, in the Liquidation Analysis on page 20 of the Disclosure Statement, the Debtor appears to assume that if the Plan is not confirmed and this case is converted to Chapter 7, the Chapter 7 Trustee will not be able to close the sale of the Debtor's assets under the Assets Sale Order and the Real Estate Sale Order, and realize the same proceeds as under a confirmed Chapter 11 plan.  The Court infers this from the fact that the Debtor shows, under the "Ch. 7 Trustee" column, "[$]0" as the "Asset Sale Order Proceeds" and $250,000 (rather than $450,000) as the "Real Estate Sales Order Proceeds."  The Debtor must explain in the Liquidation Analysis why the Debtor's assumptions are correct, or in the alternative, the Debtor must abandon these assumptions and revise the Liquidation Analysis numbers accordingly.

Sixth, the Debtor must revise paragraph III.E.2 of the Disclosure Statement on pages 22-23, so that it includes only the language of existing paragraph III.E.2.b.

Seventh, in Article I on page 17 of the Disclosure Statement, the Debtor provides the wrong case number for the initial bankruptcy case that the Debtor filed. The Debtor must delete "Case No. 12-43956" replace it with "Case No. 12-43959." The Debtor also must state that the Debtor is a corporation and under which state's laws the corporation is organized.

Eighth, the last full paragraph of Article I of the Disclosure Statement on page 18, which begins with "Accordingly," is missing the word "Debtor." The Debtor must correct this.

Ninth, in paragraph II.A. of the Disclosure Statement on page 18, the Debtor must state whether there have been any post-petition transfers outside of the ordinary course of business, other than the Sales Transactions which have not yet closed. If there have been no such transfers, the Debtor must say so. If there have been any such transfers, the Debtor must state what they were and when they occurred.

Tenth, also in paragraph II.A. of the Disclosure Statement on page 18, the Debtor must state whether there have been any post-petition cash collateral, financing and/or adequate protection orders entered, and if so, must identify such orders by Docket number and date, and must describe them, at least in general terms.

Eleventh, in paragraph II.D of the Disclosure Statement on page 19 or immediately thereafter, the Debtor must state whether there is any guaranteed debt, and if so, the Debtor must identify the guarantors and describe the guaranteed debt(s).

Accordingly,

IT IS ORDERED that no later than **February 11, 2020**, the Debtor must file an amended

combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **February 11, 2020**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Combined Plan of Liquidation and Disclosure Statement" filed January 31, 2020.

**Signed on February 6, 2020**    /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**